```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

BILLY GILCHRIST, JR.,

        Petitioner,

vs.                              Case No.   2:02-cv-328-FtM-29SPC

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion for Relief From Court's June 25, 2003 Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. #22), filed on May 10, 2006.  The government filed its Response in Opposition (Doc. #26) on September 18, 2006.  Petitioner also filed a Motion for Adjudication, Ruling, and Judicial Disposition of Petitioner's Pending Motion Under Rule 60(b)(6), Fed. R. Civ. P.; and Sanctions Against Respondent (Doc. #27) on November 22, 2006, to which the government submitted a Response in Opposition (Doc. #28) on November 28, 2006.  Petitioner filed his Reply in Opposition to Government's Response to his Rule 60 Motion (Doc. #29) on January 16, 2007.

**I.**

   On January 20, 1999, Billy Gilchrist, Jr. (petitioner or Gilchrist) was charged in the Middle District of Florida, Fort

Myers Division, in a two-count Indictment. Count One charged petitioner with conspiracy to possess with intent to distribute an unspecified quantity of a mixture or substance containing a detectable amount of cocaine base, crack cocaine, from at least on or about January, 1992 through January 20, 1999. Count Two charged petitioner with possession with intent to distribute an unspecified quantity of a mixture or substance containing a detectable amount of cocaine base, crack cocaine on February 12, 1998. On April 9, 1999, the government filed an Information pursuant to 21 U.S.C. § 851, setting forth petitioner's three prior drug felony convictions. On April 14, 1999, petitioner was convicted by a jury of the conspiracy charge and acquitted of the substantive count. Petitioner was sentenced on September 30, 1999, to mandatory life imprisonment pursuant to the sentencing enhancement provisions of § 851 and the court's determination that petitioner was responsible for more than 1.5 kilograms of cocaine base.

A direct appeal was filed, and on June 26, 2001, the Eleventh Circuit Court of Appeals issued its mandate in an unreported opinion affirming petitioner's conviction and sentence. A petition for a writ of *certiorari* was filed with the United States Supreme Court, and was denied on October 15, 2001. <u>Gilchrist v. United States</u>, 534 U.S. 974 (2001).

Gilchrist filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.

#1) on July 15, 2002.  This was denied by the undersigned in an Order (Doc. #7) filed June 25, 2003.  A certificate of appealability was denied by the Eleventh Circuit on November 10, 2003.

**II.**

Petitioner is now before the Court seeking relief from one aspect of the Court's June 25, 2003, Order (Doc. #7).  The Court has jurisdiction pursuant Fed. R. Civ. P. 60(b).  Gonzalez v. Crosby, 545 U.S. 524 (2005).

Petitioner argues that relief should be granted due to a factual error on pages 16-17 of the June 25, 2003 Order regarding the date his underlying conviction became final.  The Court stated that petitioner's conviction became final on May 15, 2000, when *certiorari* was denied.  (Doc. #7, pp. 16-17.)  In fact, as the Court earlier stated (Doc. #7, p. 2), the petition for *certiorari* was denied on October 15, 2001.  This factual error, petitioner argues, was the only reason that the undersigned found his Apprendi[1]-related claims not viable in the § 2255 petition.

Petitioner is correct that the Court made a clear factual error as to the date *certiorari* was denied, and relied upon this incorrect fact to petitioner's detriment.  The Court will grant the Rule 60(b) motion to the extent that it will reconsider the Apprendi issues raised in the § 2255 motion.

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

**III.**

As noted above, the conspiracy count on which petitioner was convicted did not specify the quantity of cocaine base involved. Petitioner's § 2255 motion asserts his trial attorney was ineffective in failing to request a jury determination as to the quantity of drugs and in failing to object to the sentence based upon Apprendi considerations. Read liberally, the § 2255 motion also asserts the substantive Apprendi issues that the indictment should have included the amount of cocaine base as an element of the offense and that the amount of cocaine base should have been determined by a jury beyond a reasonable doubt.

**A. Raising Apprendi Issues in a Collateral Proceeding:**

Under Teague v. Lane, 489 U.S. 288 (1989), a new constitutional rule of criminal proceeding which is announced after the time the petitioner's conviction became final cannot be raised in a § 2255 proceeding (with two exceptions not applicable here). McCoy v. United States, 266 F.3d 1245, 1254-58 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002). For Teague purposes, a conviction becomes final when the Eleventh Circuit issues its mandate affirming the conviction and sentence. Hamm v. United States, 269 F.3d 1247, 1249 (11th Cir. 2001). Apprendi was decided on June 29, 2000, and the mandate was issued in this case on June 26, 2001. Since Apprendi was issued before petitioner's conviction became final, petitioner may raise Apprendi issues in this § 2255

proceeding. The government agrees that the <u>Apprendi</u> issues may be raised in this § 2255 proceeding. (Doc. #26, p. 2.)

**B. Substantive <u>Apprendi</u> Issues:**

<u>Apprendi</u> established, as a constitutional matter, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490. In the drug context, "a district court's drug quantity findings and utilization of the § 841(b)(1)(A) and § 841(b)(1)(B) sentencing schemes in § 841 cases in no manner violate <u>Apprendi</u> unless the actual sentence ultimately imposed exceeds the catchall maximum penalty in § 841(b)(1)(C)." <u>United States v. Sanchez</u>, 269 F.3d 1250, 1279 (11th Cir. 2001)(en banc), <u>cert. denied</u>, 535 U.S. 942 (2002).

**(1) <u>Apprendi</u> Error:**

In this case, Petitioner was charged with conspiracy to possess with intent to distribute an unspecified quantity of cocaine base. Therefore the maximum statutory sentence is found at 21 U.S.C. § 841(b)(1)(C). The maximum statutory sentence under § 841(b)(1)(C) for cocaine base is twenty years imprisonment; with the enhancement under 21 U.S.C. § 851, the statutory maximum is thirty years imprisonment. <u>United States v. Acevedo</u>, 285 F.3d 1010, 1012 (11th Cir. 2002).

The sentencing judge found petitioner to be responsible for more than 1.5 kilograms of cocaine base, and because petitioner had three prior felony drug convictions, sentenced him to life imprisonment as mandated by 21 U.S.C. § 841(b)(1)(A). The life sentence obviously exceeds the term of imprisonment available for an unspecified quantity of crack cocaine enhanced by the prior convictions, i.e., thirty years. This constitutes <u>Apprendi</u> error. <u>United States v. Anderson</u>, 289 F.3d 1321, 1326 (11th Cir. 2002)("Therefore, as a general rule, a drug quantity determination that takes a sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt."); <u>Acevedo</u>, 285 F.3d at 1012 ("Sentencing a defendant in excess of twenty years (the statutory maximum allowed without a drug quantity determination pursuant to Section 841(b)(1)(C)), without a jury determination of drug quantity constitutes plain error. . . . As <u>Apprendi</u> does not apply to prior convictions, where the defendant is a recidivist drug offender, the maximum sentence absent drug quantity under Section 841(b)(1)(C) is thirty years."); <u>United States v. Underwood</u>, 446 F.3d 1340, 1345 (11th Cir. 2006)("Under our precedent, therefore, an <u>Apprendi</u> constitutional error occurs <u>only</u> where a defendant is sentenced beyond the statutory maximum for the offense." (emphasis in original)).[2]

---

[2]While there is <u>Apprendi</u> error in this case, this error is not jurisdictional.  <u>United States v. Cotton</u>, 535 U.S. 625, 629-31 (2002).

**(2) Harmless Error/Plain Error:**

Even when an <u>Apprendi</u> violation exists, the Court must engage in a harmless error analysis. <u>United States v. Allen</u>, 302 F.3d 1260, 1276 (11th Cir. 2002). To do so, <u>Allen</u> directs that the Court apply the plain-error test from <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002). <u>Allen</u>, 302 F.3d at 1277-78. This requires that there must be (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>Cotton</u>, 535 U.S. at 631-632. See also <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993); <u>Johnson v. United States</u>, 520 U.S. 461, 467 (1997).

The government admits that petitioner has established the first two prongs of the plain error standard. (Doc. #26, p. 8.) The government argues, however, that petitioner has not established the third and fourth elements of plain error.

The third prong requires petitioner to establish that the plain error affected substantial rights. <u>Cotton</u>, 535 U.S. at 632. "This usually means that the error 'must have affected the outcome of the district court proceedings.'" <u>Id.</u> (quoting <u>United States v. Olano</u>, 507 U.S. at 734). In <u>United States v. Swatzie</u>, 228 F.3d 1278, 1282-83 (11th Cir. 2000), the Court found substantial rights were not affected where petitioner was on notice that the type and quantity of drugs could affect his sentence and there was no

attempt to discredit the sources of the evidence as to quantity and type of drug.

In this case, it is clear that the Apprendi error affected the outcome of the sentence. The sentencing judge left no doubt that he would not have sentenced petitioner to life imprisonment if he was not legally bound to do so. (Case No. 2:99-cr-4-FTM-23D, Doc. #55, pp. 11-12.) Unlike Swatzie, in this case defense counsel did attempt to discredit the government's sources of evidence. Starting from the opening statement, defense counsel focused on the unreliability of the government witnesses. (Id. at Doc. #62, pp. 11-13.) Defense counsel's closing arguments again focused on the lack of credibility of the government's witnesses. (Id. at Doc. #63, pp. 197-210.) The Court finds petitioner has established that the Apprendi error "affected substantial rights," and therefore the third prong is satisfied.

The fourth prong requires petitioner to establish that the plain error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Cotton, 535 U.S. at 631. In Cotton the Court found that where the evidence of drug quantity was "overwhelming" and "essentially uncontroverted," the fourth prong was not established. Cotton, 535 U.S. at 632-33. The Court's determination is whether the government established beyond dispute a specific amount of the relevant controlled substance despite the omission of a specific quantity in the indictment. Allen, 302 F.3d at 1278. The question is whether the jury must have found the

-8-

evidence as to quantity "overwhelming" and "essentially uncontroverted" so as to justify the enhanced sentence. Allen, 302 F.3d at 1278-79. As in Swatzie, 228 F.3d at 1283, the Court looks to see if there is an evidentiary basis for a reasonable jury to find a defendant guilty of conspiracy to possess with intent to distribute, but not possession for at least the quantity found by the sentencing judge.

Here, 50 grams of cocaine base plus three prior predicate convictions result in a mandatory life sentence. 21 U.S.C. § 841(b)(1)(A). Since the prior convictions need not be set forth in the indictment, Almendarez-Torres v. United States, 523 U.S. 224 (1998), the only issue is the quantity of cocaine base. While the government's witnesses testified to far more than 50 grams of cocaine base, this testimony was not uncontroverted. Indeed, the jury acquitted petitioner of the substantive count where the government actually had cocaine base from a purported transaction. Even the government could not articulate an apparent reason the jury convicted petitioner of the conspiracy but acquitted him of the substantive count, which arguably had a stronger evidentiary foundation. (Case No. 2:99-cr-4-FTM-23D, Doc. #47, p. 2.) The Court concludes that the evidence of drug quantity was neither "overwhelming" or "essentially uncontroverted," and that petitioner has establish that the plain error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

Therefore, petitioner has established the fourth prong of the plain error standard.

In sum, the Court finds that petitioner can raise the substantive Apprendi issues in his § 2255 petition; that imposing a life sentence where the statutory maximum was thirty years constitutes Apprendi error; and that the error was not harmless.

**C. Procedural Default:**

The government argues, however, that this substantive Apprendi claim has been procedurally defaulted and therefore cannot be considered in a § 2255 petition. This procedural default occurred, the government asserts, when petitioner did not raise the Apprendi issue in his initial appellate brief, causing the Eleventh Circuit to deem the issue abandoned on appeal. The Eleventh Circuit, relying on United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000), cert. denied, 534 U.S. 1023 (2001)[3], held that because petitioner first raised an Apprendi issue in his supplemental appellate brief the issue was abandoned. (Case No. 2:99-cr-4-FtM-29, Doc. #68, pp. 3-4.)

The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504

---

[3] In Nealy, the Eleventh Circuit specified that all issues on appeal must be submitted in an appellant's initial brief. Supplemental briefs are permitted to address new authority presented to the court as a supplemental brief. That is, supplemental briefs are to present new law, not new issues or arguments.

(2003). "The procedural-default rule is neither a statutory nor a constitutional requirement, but is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgements." Id. The government's procedural default issue is being raised for the first time in response to petitioner's Rule 60(b) motion. As the government concedes (Doc. #26, p. 5 n.3), it did not assert a procedural default in its response to the § 2255 petition. The failure to raise a procedural default issue normally results in a waiver of such an argument. It would be ironic indeed if the government were allowed to raise procedural default for the first time in a supplemental response on a motion to reconsider when petitioner was precluded from raising Apprendi issues for the first time in a supplemental brief on direct appeal. The government's reliance upon Day v. McDonough, 547 U.S. 198 (2006) is misplaced because the Court, unlike in Day, is not raising the issue *sua sponte*. Thus, the Court concludes that the government has waived or abandoned the issue of procedural default of the substantive Apprendi issues. E.g., Howard v. United States, 374 F.3d 1068, 1073 (11th Cir. 2004).

**D. Ineffective Assistance of Counsel**:

Petitioner argues that his trial attorney was ineffective for failing to ask that the jury determine the quantity of drugs and in not objecting to the sentence because the judge determined the

quantity of drugs.  Ineffective assistance of counsel issues cannot be procedurally defaulted.  <u>Massaro</u>, 538 U.S. at 509.

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).  <u>See</u> <u>also</u> <u>Rompilla v. Beard</u>, 125 S. Ct. 2456, 2462 (2005); <u>Wiggins v. Smith</u>, 123 S. Ct. 2527, 2535 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  <u>Id.</u> A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689-90.  In light of the general principles and presumptions applicable to ineffective assistance of counsel claims, the cases in which habeas petitioners can prevail are few and far between.  <u>Chandler v. United States</u>, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(en banc), <u>cert. denied</u>, 531 U.S. 1204 (2001).

It seems clear that petitioner has established the prejudice prong of the Strickland standard. Petitioner is serving a life sentence when the statutory maximum is only 30 years imprisonment. The key issue becomes whether trial counsel's performance was deficient in failing to anticipate the Apprendi holding as of the time of trial, sentencing, or the initial appeal proceedings.

The Court concludes that counsel's performance was reasonable and was not deficient. At the time of the trial, sentencing, and filing of the Notice of Appeal, the Eleventh Circuit and every other circuit addressing the issue had rejected the proposition that became the Apprendi rule. McCoy, 266 F.3d at 1258. The Supreme Court granted *certiorari* on November 29, 1999, Apprendi v. New Jersey, 528 U.S. 1018 (1999), which was also after the trial, sentencing, and filing of the Notice of Appeal. Even after *certiorari* was granted, it was reasonable not to raise the Apprendi issues in the initial appellate brief given the virtual unanimity of authority against the proposed rule. E.g., Jones v. United States, 224 F.3d 1251, 1257-58 (11th Cir. 2000). An attorney is not ineffective by failing to predict the development of the law. Dubose v. United States, No. 06-13851, 2007 WL 57090, *2 (11th Cir. Jan. 9, 2007)(citing Spaziano v. Singletary, 36 F.2d 1028, 1039 (11th Cir. 1994); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995)). Therefore, petitioner's ineffective assistance of counsel claim is without merit.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion from Relief from Court's June 25, 2003 Order Denying Petitioner's Motion Under 28 U.S.C. §2255 Pursuant to Federal Rule of Procedure 60(b)(6) (Doc. #22) is **GRANTED** to the extent that the Court will reconsider the Apprendi issues. Upon reconsideration of the Apprendi issues, the Order (Doc. #7) is amended by deleting section IV-H, pp. 15-17. This Opinion and Order is substituted for that portion of the Order.

2. The Court **GRANTS** the § 2255 petition on the substantive Apprendi issues as set forth above.

3. Petitioner's Motion for Adjudication, Ruling, and Judicial Disposition of Petitioner's Pending Motion Under Rule 60(b)(6), Fed. R. Civ. P.; and Sanctions Against Respondent (Doc. #27) is **DENIED** as moot.

4. The Judgment in Criminal Case (Case No. 2:99-cr-4-29, Doc. #51) is **VACATED,** and the matter shall be scheduled for re-sentencing by separate notice.

5. A copy of this Opinion and Order shall be placed in Criminal Case No. 2:99-cr-4-29.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of June, 2007.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Billy Gilchrist